UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>WINCO HOLDINGS, INC., dba<br>WINCO FOODS AND DOES 1 THOUGH<br>10 INCLUSIVE,<br><br>　　　　　Defendants. | Case No. CV 15-6874-PJW<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>TO REMAND THE ACTION TO STATE<br>COURT |

　　　On July 23, 2015, Plaintiff filed this action in Los Angeles County Superior Court against Defendant WinCo and others, under the California Fair Employment and Housing Act.  Plaintiff, who works as a cashier and stocker at one of WinCo's stores, claims that, when new management took over in November 2014, it cut his hours and the hours of other African-American workers, while allowing the Hispanic and Caucasian workers to maintain their hours.  He alleges that, when he complained about his treatment, his supervisors retaliated against him.

　　　On September 3, 2015, Defendant removed the action to this court, arguing that there is jurisdiction based on diversity since Plaintiff

and Winco are from different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). (Doc. No. 1.)

## II.

## ANALYSIS

Plaintiff moves to remand the case back to the Superior Court on the ground that there is no subject matter jurisdiction because the amount in controversy does not exceed $75,000. For the reasons explained below, the Court concludes that there is enough evidence to establish that the amount in controversy exceeds $75,000 and, for that reason, the motion for remand is denied.

As the removing party, Defendant bears the burden of establishing that the Court has jurisdiction in this case. *Gaus v. Miles, Inc*. 980 F.2d 564, 566 (9th Cir. 1992) (there is a strong presumption against removal, federal jurisdiction should be rejected if there is any doubt regarding the right to remove in the first instance); *Jarvis v. Aramark Servs., Inc.*, 2015 WL 6456530, at *2 (C.D. Cal. Oct. 26, 2015). The parties agree that they are from different states, thus, to establish diversity jurisdiction, Defendant has to show that the amount in controversy exceeds $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (explaining defendant must establish that it is more likely than not that the amount in controversy exceeds the required amount); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot Inc.*, 204 F.3d 1069 (11th Cir. 2000) (noting that requiring the defendant to establish jurisdiction strikes "[t]he proper balance between a plaintiff's right to choose his forum and a

defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction").

Defendant contends that, based on the allegations contained in the Complaint, the amount in controversy exceeds $115,585.60 ($30,292.80 in back pay (through trial) + $30,292.80 in punitive damages + $40,000 in emotional distress damages + $15,000 in attorneys' fees), well over the jurisdictional threshold.[1]  (Defendant WinCo's Opposition to Plaintiff's Motion to Remand ("Opposition") at 1, 11.)  Plaintiff does not argue that that estimate is inaccurate, rather, he contends that Defendant has failed to prove by a preponderance of the evidence that this is a valid number. (Plaintiff's Motion to Remand ("Motion") at 5.)

Defendant's back pay calculation is premised on the assumption that Plaintiff could obtain damages for the number of hours that were eliminated from his weekly schedule following the November 2014 change in management (from 35 to 40 hours per week to five hours per week), from November 2014 until the presumed trial date in March 2015. (Opposition at 5, Exhibit B ¶¶ 11-16.)  Plaintiff counters that the only solid evidence that Defendant should be able to rely on is the fact that he was working five hours per week when he filed this action and that damages should be calculated based on that.  (Motion at 7.)

The Court sides with Defendant here.  Plaintiff alleged in the Complaint that he was working 32 to 40 hours per week before the new management arrived.  (Opposition, Exhibit A at ¶ 14.)  Were he to

---

[1]  Defendant also provides a lower figure, assuming that the Court only considers back pay to the date of removal, i.e., $13,732.80 in back pay + $13,732.80 in punitive damages + $40,000 in emotional distress damages + $15,000 in attorneys' fees = $82,465.60. (Opposition at 11.)

prevail in this action, he would likely be entitled to lost wages caused by the discriminatory conduct. He may also be entitled to lost wages for the 12 weeks he has been unemployed and those damages would likely be calculated based on his weekly hours prior to the alleged discrimination, not after. Though there is some uncertainty with regard to the damages for back pay, there is enough in this record for the Court to accept Defendant's estimate at this time. *See Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148-51 (C.D. Cal. 2010) aff'd sub nom. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011).

Defendant argues that punitive damages should be counted in calculating the amount in controversy and contends that it would not be unreasonable for a jury to award punitive damages equal to the amount of back pay, $30,292.80. (Opposition at 7.) Plaintiff counters that Defendant is required to present evidence regarding the amount of punitive damages that might be awarded, not just argument. (Motion at 8.)

Again, the Court agrees with Defendant. Plaintiff has requested punitive damages in the Complaint. (Opposition, Exhibit A at 10.) Were a jury to find that Defendant discriminated against him on the basis of race, there is no doubt that it would also consider awarding punitive damages. An award equal to the compensatory damages is certainly within reason. As such, the Court will take into consideration the possibility that Plaintiff would receive $30,000 in punitive damages in determining whether the case meets the $75,000 threshold. *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. July 2, 2002) (holding defendant met its burden

by showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award).

Defendant estimates damages for emotional distress of $40,000, relying on jury verdicts in other cases. (Opposition at 8.) Plaintiff contends that this number is without any basis because Defendant has "conducted absolutely no discovery or any other inquiry into Plaintiff's actual emotional distress," the cases cited by Defendant are manipulating the Court into seeing them as precedent, and Defendant has failed to provide any sort of similar factual showing between the case at bar and the cases cited in their Notice of Removal. (Motion at 8.)

Though the Court would agree with Plaintiff that Defendant's number is not much more than a guess, it appears to be an educated guess. Further, the Court is required to consider damages for emotional distress, *Kroske v. U.S. BankCorp.*, 432 F.3d 976, 980 (9th Cir. 2005), and prior jury verdicts in other cases are one factor that can be relied on to establish that amount. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250-51 (C.D. Cal. Sept. 7, 2012) (noting based on defendant's list of jury verdicts in other insurer bad faith cases, it was more likely than not that if the allegations were taken as true the amount in controversy would be exceeded). Even were the Court to discount the number by 50%, there would still be enough damages to bring the case over the $75,000 threshold. And, whatever shortfalls could not be bridged by the emotional distress damages, certainly by adding the attorney's fees, even if limited to only those fees expended at the time of removal, there is more than enough evidence to establish that the aggregate amount in controversy

exceeds $75,000.  For these reasons, Plaintiff's motion to remand the case is denied.

DATED:     November 6, 2015.

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Consent\Tyrell Young v Winco Holdings\Remand Order.wpd